WEIMER, J.,
concurring in part, dissenting in part.
hi agree that the respondent has committed professional misconduct as described in the majority’s opinion; however, I respectfully dissent on the sanction to be imposed.
In my view, the respondent’s actions have placed this court in a quandary. On the one hand, the respondent has made a laudable recovery from the substance abuse issues that undisputedly motivated his misconduct. On the other hand, and also an undisputable proposition, the respondent’s use of his law license in an illegal bargain was an abuse of his privilege to practice law. To resolve this quandary between an attorney’s praiseworthy recovery and his misconduct that debases the privilege to practice law, I believe further details should be considered. Because this case is at its heart a disciplinary matter, it is appropriate to deal first with the details of the misconduct.
Indeed, we cannot and should not overlook the abuse of the respondent’s license to practice law, an abuse which was inherent when he bartered his legal services for an illegal drug. Such action essentially victimizes each attorney who practices law in a legitimate and ethical manner; such action also inappropriately burdens our system of justice. In fact, if the individual with whom he engaged in this illicit transaction had not been an undercover informant for the police, the [¡.individual could have been charged with a felony. Significantly, the respondent engaged in this improper conduct on more than one occasion. Although there is no evidence that the respondent’s misconduct directly harmed any clients, as just noted, he could have put the client involved in the drugs-for-representation transaction at risk of being charged with a crime.
Turning then to how the respondent’s recovery affects this case, it should be noted that at every level, including this court, the attorney disciplinary system encourages attorneys to confront and conquer substance abuse. The record in this case reflects that the respondent clearly accepted responsibility for his actions, promptly self-reported his misconduct, immediately sought out the assistance of the Judges and Lawyers Assistance Program (JLAP), and acquiesced in submitting to a long-term inpatient treatment effort. He successfully completed treatment and thereafter executed a JLAP monitoring agreement with which he has remained in strict compliance. The hearing committee and the disciplinary board were persuaded by the respondent’s commitment to recovery, his genuine remorse, and his commitment to refrain from further such misconduct. The hearing committee was also favorably impressed with the respondent’s plans to use his unfortunate experience to help others in battling addiction. Two judges testified regarding the respondent’s professionalism after his inpatient treatment. Both judges remarked that the respondent has been attentive to his clients’ cases, has displayed great skill in his representation, and has maintained a re- *833 speetful demeanor with the court and with opposing counsel.
In terms of weighing both the egregiousness of the respondent’s misconduct and his laudable recovery, I agree with the majority’s view that a period of actual suspension from the practice of law is appropriate. Taking all factors into 1 (¡consideration, however, I believe a sanction more in line with that recommended by the Disciplinary Board would adequately serve the goals of the disciplinary system. See Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173, 1177-78 (La. 1987) (noting that “[disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.”). Accordingly, I would impose a two-year period of suspension, deferring all but six months, and place the respondent on probation for the remainder of his suspension period. As a condition of probation, I would require continued compliance with the respondent’s JLAP recovery agreement for the duration of his probation.
My hope is that the respondent continues on his path to a lifetime of recovery. Virtually all who testified were impressed that he would do so. The sanction that I propose, including the probationary conditions, would provide an extended period during which the disciplinary system could remain vigilant in seeing that the respondent’s expected recovery indeed remains on solid footing.